UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DWAYNE OLAWUMI, | ) |
| Plaintiff, | ) ) **3 08 0023** |
| v. | ) No. 3:07mc0179 |
| STATE OF TENNESSEE, ET AL., | ) **JUDGE HAYNES** ) |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiff, a prisoner in the Criminal Justice Center in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983, against the Defendants: the State of Tennessee (the State); Metropolitan-Nashville Police Department (MNPD); the Tennessee Bureau of Investigation (TBI); Channel 5 News; the Nashville District Attorney General Victor S. Johnson, III; and Nashville Criminal Court Judge Cheryl Blackburn. Plaintiff asserts claims that the Defendants violated his rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments. Plaintiff seeks money damages and release from custody.

According to his complaint, Plaintiff alleges that an unnamed and unidentified MNPD police officer arrested him without an arrest warrant.[1] (Docket Entry No. 1, ¶ IV, p. 5 and Attach. Cont. Statement) Plaintiff alleges that the officer handcuffed him, placed him in a police car without advising him of his rights, and then drove him to an unspecified location where an unnamed and unidentified MNPD "detective" advised him of his rights. Plaintiff asserts that neither the arresting officer nor the detective appeared at General Sessions Court on December 7, 2006, and that the "eye witness" at that proceeding gave false testimony against him. Finally, Plaintiff alleges that the

---

[1] Plaintiff alleges that he was arrested on November 30, 2007. As the envelope in which Plaintiff mailed his complaint to the district court is postmarked November 13, 2007 – seventeen (17) days before the alleged arrest.

"defendants are withholding records regarding the false charge" against him.

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28. Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978. Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff seeks to be released from custody. In support of his demand to be released, Plaintiff asserts that he was arrested unlawfully and is falsely imprisoned. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S.

2

at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

To the extent that Plaintiff demands to be released from custody, the Court liberally construes that demand as a request for federal *habeas corpus* relief. For the reasons stated above, Plaintiff may not seek *habeas corpus* relief under § 1983. This claim will be dismissed without prejudice for failure to state a claim on which relief may be granted in this Section 1983 action.

As to Plaintiff's remaining claims, Plaintiff does not allege any specific facts against the named defendants. Plaintiff's sole allegation is that "the defendants are withholding records regarding this false charge . . . ." as an allegation against each of the above named defendants. (Docket Entry No. 1, ¶ IV, p. 5 and Attachment thereto). Aside from this allegation, Plaintiff does not make any factual allegations in support of his claims.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. McDougall*, 454 U.S. 364 365 (1982) courts cannot abrogate basic pleading requirements for *pro se* litigants. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). A complaint must contain either direct or inferential allegations for all the material elements of a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Plaintiff's conclusory allegation that the above-named defendants are withholding his records fails to state grounds for relief. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

In addition, a state is not a person against whom a § 1983 claim can be asserted. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Therefore, Plaintiff's complaint against the State of Tennessee fails to state a claim for relief. The TBI, an agency of the State, cannot be sued in a Section 1983 action. *Rogers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003).

The Defendant, Channel 5 News, is not alleged to be a state actor that can be sued under § 1983. Thus, Plaintiff fails to state a Section 1983 claim against Channel 5.

3

As to Johnson, the state prosecutor, he is entitled to absolute prosecutorial immunity unless he acted outside of his role as an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff does not allege that Johnson acted outside his prosecutorial role, nor can such an inference be liberally construed from the complaint. Thus, Plaintiff's claims against Johnson fail to state a claim for relief under § 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

As a judge, Blackburn has absolutely immunity from money damages under § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983), unless she engaged in non-judicial actions or in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff does not allege such facts nor can such conduct be liberally construed from the complaint to state a claim against Blackburn.

As to the MNPD, a "person" for § 1983 liability must be a "bodies politic and corporate." *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978). A police department, such as MNPD, is not a body politic, and as such, it is not a person within the meaning of § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992). Because MNPD is not a person within the meaning of § 1983, Plaintiff fails to state a Section 1983 claim against the Defendant.

For the reasons explained above, this action should also be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
1-8-08

4